IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV292-02-MU
(3:00CR136-MU)


JOHN JERMAINE BECKHAM,          )
        Petitioner,             )
                                )
        v.                      )          O R D E R
                                )
UNITED STATES OF AMERICA,       )
        Respondent.             )
_____)


        **THIS MATTER** is before the Court on the petitioner's "Motion
to Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255,
filed July 17, 2006.  For the reasons stated herein, the peti-
tioner's Motion to Vacate will be <u>dismissed</u> as time-barred.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

        According to the record underlying his criminal case, on
August 7, 2000, a Superceding Bill of Indictment was filed,
charging the petitioner (and five others) with conspiracy to
possess with intent to distribute in excess of 50 grams of co-
caine base, in violation of 21 U.S.C. §§841 and 846; and with
possession with intent to distribute in excess of five grams of
cocaine base, in violation of 21 U.S.C. §841(a)(1).  Thereafter,
on August 28, 2000, the government filed a Notice pursuant to 21
U.S.C. §§841 and 851, indicating that the petitioner previously
had sustained four drug convictions in North Carolina court; and
that it intended to seek an enhanced punishment if it obtained a

Dockets.Justia.com

conviction against the petitioner on either of the drug charges which he then was facing.

On December 19, 2000, the petitioner entered into a written Plea Agreement with the government, whereby he agreed to plead guilty to the conspiracy charge as set forth in the Indictment. The terms of the petitioner's Plea Agreement further stipulated that his conviction exposed him to, <u>inter alia</u>, a maximum term of life imprisonment; that the amount of cocaine base for which he could be held accountable was at least 150 but less than 500 grams; that the corresponding offense level for such quantity was 34; and that the petitioner had, in fact, previously been convicted of the Sale and Delivery of cocaine in the Superior Court of Mecklenburg County.

On January 5, 2001, the petitioner appeared before the Court and tendered his guilty plea to the conspiracy charge.  On that occasion, the Court engaged the petitioner in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered.  In response to the Court's numerous questions, the petitioner swore, <u>inter alia</u>, that he had fully discussed his case with his attorney; that he understood the charges and penalties which he was facing, particularly as they were explained by the Court and by his attorney; and that he and counsel had fully discussed any defenses he might have had to the subject charges.

In addition, the petitioner advised the Court that no one had threatened, intimidated, or forced him into pleading guilty, and no one had made him any promises of leniency in order to induce his plea. On the contrary, the petitioner told the Court that he was tendering his pleas because he, in fact, was guilty of the subject offense. The petitioner also swore that he was satisfied with his attorney's services. In fact, the petitioner told the Court that counsel's "services were excellent." Thus, after hearing the petitioner's answers to each of its questions, the Court accepted his guilty plea.

Following that Hearing, the petitioner was able to convince the Court to release him on bond pending the resolution of his case. However, that bond subsequently was revoked and he was returned to jail after he violated the conditions of his release. In particular, the petitioner tested positive for drug use on four occasions; he sustained new State court charges for assault and battery and misdemeanor breaking and entering; he admitted to having sold marijuana while on release; and he fled to the State of Florida, thereby absconding this Court's supervision.

Next, on March 19, 2003, the Court finally was able to hold the petitioner's Factual Basis & Sentencing Hearing. During that Hearing, the petitioner apologized for his behavior and conceded that although he had begun to cooperate with authorities, everything went "downhill" once he began drinking. At the conclusion

of that Hearing, the Court sentenced the petitioner to a term of
300 months imprisonment.  The Court's Judgment was entered on
April 4, 2003.

   The record further shows that the petitioner did not im-
mediately give a notice of appeal.  Rather, after delaying nearly
three years, on January 17, 2006, the petitioner filed a document
captioned as a "Notice of Appeal Nunc Pro Tunc" in his criminal
case.  According to the Affidavit which the petitioner submitted
along with his Notice, he essentially asserts that he had been
"lead to believe" that an appeal had been filed; and that it was
not until he failed to receive correspondence from his attorney
that he inquired into the matter and discovered that no appeal
had been filed.  On January 20, 2006, the petitioner's Notice was
transmitted to the Fourth Circuit Court of Appeals.

   Thereafter, on February 6, 2006, the appellate Court direct-
ed both parties to file documents addressing the issue of the
timeliness of the petitioner's appeal in light of Rule 4(b) of
the Federal Rules of Appellate Procedure.  To that end, on Febru-
ary 22, 2006, the government filed a motion to dismiss the
petitioner's appeal, arguing that it was untimely filed.   On
April 28, 2006, the Court of Appeals granted the government's
Motion to Dismiss on the ground that the petitioner's appeal was
not timely filed.

   Undaunted by that conclusion, the petitioner now has return-

4

ed to this Court with the instant Motion to Vacate.  Apart from his claims, the petitioner obviously has recognized that his Motion to Vacate likely would be construed as time-barred; thus, he set out in his Motion to establish that his claims somehow were timely presented as required by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA" hereafter).  Specifically, the petitioner asserts that his Motion should be construed as timely filed "because he actually is innocent of the offense based on the issue[s] outlined in this Complaint [sic] and memorandum" and the two exhibits which he submitted.

However, it is clear on this record that the petitioner's explanations concerning the timeliness of his Motion are far from compelling.  That is, the Court finds that despite his having been given an opportunity to do so,[1] the petitioner has failed to articulate a proper basis for extending the applicable limitations period.  Likewise, the petitioner has failed to articulate

---

[1]In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal motion to vacate forms to comply with Hill.  The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion."  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [such] motion."  Accordingly, given the fact that the petitioner has attempted to address the timeliness of his Motion to Vacate--albeit unsuccessfully--the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

5

a reason why his April 2004 filing deadline should be equitably
tolled.  Therefore, the petitioner's Motion to Vacate must be
<u>dismissed</u> as time-barred.

## II.  <u>ANALYSIS</u>

As was noted on the petitioner's Motion to Vacate form, in
1996 Congress enacted the "AEDPA".  Among other things, the AEDPA
amended 28 U.S.C. §2255 by imposing a 1-year statute of limita-
tions period for the filing of a motion to vacate.  The amendment
provides:

A 1-year period of limitation shall apply to a motion under
this section.  The limitation period shall run from the latest
of–

    (1) the date on which the judgment of conviction
    becomes final;

    (2) the date on which the impediment to making a motion
    created by governmental action in violation of the
    Constitution or laws of the United States is removed,
    if the movant was prevented from making a motion by
    such governmental action;

    (3) the date on which the right asserted was initially
    recognized by the Supreme Court and made retroactively
    applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or
    claims presented could have been discovered through the
    exercise of due diligence.

Here, the record indicates that the petitioner's conviction
and Judgment became final on or about April 14, 2003—that is, at
the expiration of the 10-day period during which the petitioner
could have filed a notice of appeal.  Thus, the petitioner had up

to and including April 14, 2004, in which to file the instant
Motion to Vacate.  Obviously, the petitioner did <u>not</u> file this
Motion by that deadline.

Further, as has already been pointed out, the petitioner's
assertions as to why this Motion should be construed as timely
filed simply are unavailing.  Indeed, his claim of actual
innocence as purportedly reflected in his Plea Agreement is dis-
ingenuous.  Likewise, the petitioner's reliance upon the fact
that in December 2005, he wrote a letter to the Clerk of this
Court, inquiring about whether or not an appeal had been filed
also is not helpful.  To be sure, the petitioner has not even
attempted to argue (or to explain) why he could not have made
such an inquiry before the expiration of his one-year filing
deadline.

Equally critically, the Court for its own part has concluded
that the petitioner cannot rely upon his untimely filed appeal to
somehow restart his one-year limitations period.  First, the
petitioner's one-year limitations period already had expired at
the time that he filed his belated Notice of Appeal.  Second,
such appeal ultimately was dismissed as untimely filed.  There-
fore, the petitioner cannot be allowed to circumvent Congress'
intent to impose such a deadline by using this untimely filed
appeal to restart his limitations clock.  To put it simply, the
petitioner will not be permitted to manipulate his circumstances

in order to use his untimely filed appeal to somehow breathe new life into a limitations period which had expired long before he attempted the appeal.

Finally, the petitioner has failed to show the existence of any "rare instances" which would make it unconscionable for this Court to enforce the limitations period against him.  Consequently, the time during which the petitioner delayed bringing this Motion cannot be equitably tolled.  <u>See</u>  <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2004) (<u>en banc</u>) (discussing the requirements for equitable tolling), <u>cert. denied</u>, 125 S.Ct. 209 (2004); <u>and United States v. Sosa</u>, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

### III.  <u>CONCLUSION</u>

The AEDPA requires, among other things, that petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute.   Here, the petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed.  Accordingly, the petitioner's Motion to Vacate shall be <u>dismissed</u>.

### IV.  <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: July 23, 2006

Graham C. Mullen
United States District Judge